# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM WARE and CAROL CAUL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-2295 |
| | § | |
| | § | |
| UNITED STATES FEDERAL | § | |
| HIGHWAY ADMINISTRATION, | § | |
| *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiffs William Ware and Carol Caul, residents of Houston, Texas, have filed this *pro se* suit against the following entities and individuals: (1) the United States Federal Highway Administration (FHWA); (2) Curtis Dan Reagan, Division Administrator of the FHWA, Texas Division, in his official capacity; (3) Mary E. Peters, Administrator of the FHWA, in her official capacity; (4) the United States Department of Transportation (DOT); (5) Norman Y. Mineta, Secretary of the DOT, in his official capacity;[1] (6) the Texas Transportation Commission; and (7) Richard F. Williamson, Chair of the Texas Transportation Commission, in his official capacity;[2] alleging, *inter alia*, violations of the Federal Aid Highways Act, 23 U.S.C. §§ 109 and 128 (FAHA); the National Environmental

---

[1] The first five defendants are collectively referred to as the "Federal Defendants."

[2] The final two defendants are collectively referred to as the "State Defendants."

Policy Act, 42 U.S.C. § 4321 *et seq.* (NEPA); and the Civil Rights Act, 42 U.S.C. § 1983. (Docket Entry Nos. 1, 37). Defendants have filed a motion to dismiss all claims. (Docket Entry No. 41). Plaintiffs have replied. (Docket Entry Nos. 51, 60). Defendants have filed a supplement to the motion to dismiss, alternatively requesting summary judgment in their favor on the NEPA claims, which arise under the Administrative Procedures Act, 5 U.S.C. § 552 *et seq.* (APA). (Docket Entry No. 48). After reviewing the motions, pleadings, record, and applicable law, the court grants in part and denies in part the motion to dismiss for the reasons explained below. The motion for summary judgment will be separately addressed after plaintiffs respond.

**I.     Background Facts**

This lawsuit stems from an ongoing highway construction project in the city of Houston. The project involves a seven-mile stretch of highway; the specific location at issue is the intersection of Interstate Highway 610 West Loop with Interstate 10. Plaintiffs live in a neighborhood near North Post Oak Road, close to the intersection. Construction on the project began in 1999. The parties dispute the nature, number, and extent of the meetings, disclosures, and procedures followed before construction began.

The project includes a new exit ramp from IH 610 to the frontage road near Woodway Street. This ramp, which extends seventy-three feet into the air to comply with federal and state standards, impairs plaintiffs' view of nearby Memorial Park. Plaintiffs alleged that the new ramp will significantly impact their neighborhood, increasing traffic, noise, and pollution well beyond the levels projected by the defendants when the project received initial

approval. Although noise barriers have been installed near plaintiffs' home, plaintiffs contend that these barriers are insufficient. More generally, plaintiffs allege that the project under construction is not the project for which defendants obtained approval. Plaintiffs argue that defendants have hidden relevant information from plaintiffs and the public as part of a wide-ranging conspiracy to punish plaintiffs (and plaintiffs' neighborhood) for challenging previous state highway construction projects. Defendants note that the project was nearly forty-five percent complete when plaintiffs first filed this suit. Defendants have moved to dismiss all plaintiffs' claims, invoking Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.  The Legal Standards

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In

examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261.

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This strict standard of review under Rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Comm'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)

(internal citations, quotation marks and ellipses omitted). If an affirmative defense or other barred relief (such as absolute immunity or statute of limitations) is apparent from the face of the complaint, a motion under Rule 12(b)(6) should be granted. 5B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE Civil 3d § 1357, at 708 (2004).

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments. FED. R. CIV. P. 12(b)(6). Various circuits have specifically allowed that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1998); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Sheppard v. Texas Dep't of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994). By attaching such materials, the defendant assists the plaintiff in establishing the basis of the suit and the court in making the elementary determination of whether a claim has been stated. The Fifth Circuit has approved of this practice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000).

### III. The Issue of Standing

Defendants contend that plaintiffs lack standing to pursue their claims. Standing is a jurisdictional requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). "[T]he irreducible constitutional minimum of standing contains three elements. First, the

plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Walker v. City of Mesquite*, 169 F.3d 973, 978-79 (5th Cir. 1999) (quoting *Lujan*, 504 U.S. at 560-561) (footnote, citations, and internal quotation marks omitted)). In an APA suit, a plaintiff must establish not only constitutional standing, but also statutory standing to obtain judicial review of agency action. Statutory standing requires that: (1) the challenged agency action has caused the plaintiff an injury in fact, and (2) the alleged injury is within the "zone of interests" to be protected by the statutes the agencies have allegedly violated. *Sierra Club v. Morton*, 405 U.S. 727, 733 (1972); *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150 (1970); *Barlow v. Collins*, 397 U.S. 159 (1970).

Plaintiffs allege injury to themselves, their property, and their "way of life" by defendants' actions. Plaintiffs live in a neighborhood abutting the project. They allege specific harms, including loud noise, pollution, a reduction in property values, an increase in risks to personal health, and aesthetic harms. The ongoing construction project is the alleged cause of these injuries. The relief plaintiffs seek — stopping the project — will provide redress. Plaintiffs also seek redress under laws designed to regulate the conduct of government decisionmakers in the challenged project. *Cf. Ctr. for Auto Safety v. Tiemann*, 414 F. Supp. 215, page (D.D.C. 1976) (finding that safety organization's interest in FAHA

compliance fell within the "zone of interests" protected by the act).  The motion to dismiss for lack of standing is denied.

## IV. The Issue of Improper Pleading

Defendants argue that plaintiffs' case should be dismissed for repeated failure to comply with the pleading requirements of the Federal Rules of Civil Procedure, specifically the Rule 8 notice pleading standard.  Plaintiffs have, despite repeated opportunities, failed to submit a statement of their claims that is either short or plain.  Although a court may grant a motion to dismiss if a plaintiff fails to comply with the Federal Rules of Civil Procedure, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 383 (1982) (Powell, J., concurring), this court declines to do so at this juncture and instead will examine the more substantive flaws in the claims alleged.

## V. The Challenges to the Federal Highway Act and NEPA Claims

Plaintiffs allege that all defendants violated provisions of the Federal Aid Highway Act, 23 U.S.C. §§ 109 and 128.  The Act imposes certain requirements before a state may receive federal highway funds.  (Docket Entry No. 37, ¶¶ 118, 127, 130).  Plaintiffs also allege numerous violations of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*  (Docket Entry No. 37 ¶¶ 120, 130).  Defendants move to dismiss on the ground that none of these laws creates a private right of action.

Numerous courts, including the Fifth Circuit, have considered whether these provisions, including amendments to the FAHA by the Intermodal Surface Transportation Efficiency Act (ISTEA), imply private rights of action.  All of these courts have answered

this question in the negative. *See Allandale Neighborhood Ass'n v. Austin Transp. Study Policy Advisory Comm.*, 840 F.2d 258, 265 (5th Cir. 1988) (neither 23 U.S.C. § 109 nor the FAHA amendments in the ISTEA create a private right of action); *Noe v. Metro. Atlanta Rapid Transit Auth.*, 664 F.2d 434, 436-39 (5th Cir. 1981) (no private right of action exists under NEPA); *Jersey Heights Neighborhood Ass'n v. Gendening*, 174 F.3d 180, 186 (4th Cir. 1999) ("Since neither FAHA nor NEPA itself provide a private right of action, all of these claims lie under the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*") (additional citations omitted); *Sierra Club v. Slater*, 120 F.3d 623 (6th Cir. 1997); *see also Buckingham Twp. v. Wykle*, 157 F. Supp. 2d 457, 465 (E.D. Pa. 2001) (collecting and citing numerous cases in support of both propositions).

To the extent plaintiffs attempt to sue defendants directly under these laws, those claims are dismissed. Plaintiffs have also invoked the Administrative Procedures Act, which requires a separate analysis. (Docket Entry No. 37 ¶ 137).

VII. **The Challenge to the APA Claim**

The State Defendants contend that review under the APA is available only against federal agencies. All defendants argue that their actions were neither arbitrary nor capricious; that plaintiffs have failed to overcome the presumption that agency action is legal; and that the doctrine of laches bars plaintiffs' claims.

The APA defines the term "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency. . . ." 5

U.S.C. § 701(b)(1). Recognizing this explicit limit on the scope of the APA to *federal* governmental agencies, the Fifth Circuit has noted that the APA is "a route through which private plaintiffs can obtain federal court review of the decisions of *federal* agencies." *Resident Council of Allen Parkway Vill. v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1055 (5th Cir. 1993) (quoting *Vieux Carre Property Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 456 (5th Cir. 1989) (emphasis added)). The State Defendants' motion to dismiss plaintiffs' claims under the APA is granted.

Defendants' remaining arguments go to the merits of the APA claim. Defendants do not argue that this court lacks jurisdiction over this claim or that plaintiffs have failed to state a claim for which relief can be granted. Determining whether defendants actions were arbitrary and capricious, so as to overcome the presumption of legality of agency action, and whether laches bars plaintiffs' suit, cannot rest on the pleadings alone. The Federal Defendants' motion to dismiss the claims arising under the APA is denied; the arguments raised in the motion to dismiss will be addressed on the basis of the summary judgment motion, response, and record.

## VIII. The Section 1983 Claims

### A. The Claims Against State Defendants

Plaintiffs allege claims against the State Defendants under 42 U.S.C. § 1983 for violations of plaintiffs' substantive due process rights under the United States Constitution

and the Texas Constitution.[3] (Docket Entry No. 37 ¶ 145). In plaintiffs' response to the motion to dismiss, plaintiffs concede that the Eleventh Amendment precludes the section 1983 claims against the State Defendants, (Docket Entry No. 51 ¶ 27), but resurrect those claims in their supplemental reply. (Docket Entry No. 60 at 14-15).

The Eleventh Amendment bars federal court actions against a state or an agency of the state unless the state consents or Congress has validly abrogated the state's Eleventh Amendment immunity. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State governments and their agencies are not "persons" under section 1983 and cannot be sued in federal court absent consent. *Quern v. Jordan*, 440 U.S. 332 (1979); *Cronen v. Tex. Dep't of Human Sers.*, 977 F.2d 934, 936 (5th Cir. 1992); *see also Robinson v. Georgia Dep't of Transp.*, 966 F.2d 637, 640 (11th Cir. 1992) (holding that Congress did not abrogate the states' Eleventh Amendment immunity in enacting section 1983). Because Texas has not consented to suit under section 1983, plaintiffs' section 1983 claims against the Texas Transportation Commission are dismissed.

The Eleventh Amendment prevents awarding retroactive relief if the damages will be paid from the state treasury. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). However, an individual may sue a state officer, even in his official capacity, for prospective injunctive

---

[3] In their reply, plaintiffs for the first time invoke the "takings" clause of the Fifth Amendment to the United States Constitution. Plaintiffs have not alleged a violation of their Fifth Amendment rights in the complaint or amended complaint and have not moved for leave to amend to assert it.

relief. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989); *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). Such prospective relief may be awarded even if compliance will cost the state money in the future. *See, e.g.*, *Graham v. Richardson*, 403 U.S. 365 (1974). Federal courts are only permitted to enjoin state officers from violating federal, not state, law. *Pennhurst*, 465 U.S. at 121.

*Pennhurst* requires dismissal of plaintiffs' claims to the extent they seek a declaration against defendants based on alleged violations of the Texas constitution. Additionally, this court dismisses plaintiffs' claims to the extent they seek monetary damages from the State of Texas. The claims for money damages against all State Defendants are dismissed. Plaintiffs' amended complaint also requests "restitution [sic] in the form of an injunction of construction of the current design and declaratory relief ordering the development of an alternate less damaging design for the road. . . ." (Docket Entry No. 37 ¶ 160). This request for prospective injunctive relief against State Defendant Richard F. Williamson, in his official capacity, must be dismissed, but not because it is barred under the Eleventh Amendment.

Plaintiffs nonetheless fail to allege a viable cause of action against Williams. Plaintiffs' section 1983 claim, although presented as an independent cause of action, is dependent on plaintiffs' general complaints about all defendants' conduct in approving the highway project and proceeding with the construction. None of the federal law plaintiffs invoke provides for a private cause of action. The Supreme Court has held, and the Fifth Circuit has often reiterated, that "§ 1983 will not provide a cause of action for a violation of

a federal statute where the federal statute in question does not 'create enforceable rights, privileges, or immunities within the meaning of § 1983.'" *Resident Council of Allen Parkway Vill.*, 980 F.2d at 1051 (quoting *Wright v. City of Roanoke Redev. & Hous. Auth.*, 479 U.S. 418, 423 (1987)). In addition, to permit a section 1983 claim to proceed against Williamson, a state official, would undermine the APA's prohibition of federal court review of state action. *Cf. id.* at 1055.

The motion to dismiss the section 1983 claims is granted as to all the State Defendants.

### B. The Challenge to the Claims Against the FHWA

Plaintiffs assert section 1983 claims against the FHWA. (Docket Entry No. 37 ¶ 145).[4] Section 1983 has no application to the federal government or its officers. *See Wheedlin v. Wheeler*, 373 U.S. 647, 650 & n.2 (1963). The FHWA's motion to dismiss is granted.

## IX. Conclusion

Defendants' motion to dismiss the section 1983 claims is granted. Defendants' motion to dismiss the FAHA and NEPA claims is granted insofar as those claims attempt to assert a private cause of action. The State Defendants' motion to dismiss the APA claims is granted, and the State Defendants are dismissed from the case. The Federal Defendants'

---

[4] Plaintiffs have not sued any individual federal defendant under section 1983.

motion to dismiss the FAHA and NEPA claims under the APA is denied; the arguments raised will be addressed in the rulings on defendants' motion for summary judgment.

SIGNED on September 30, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge