**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIAM WARE and CAROL CAUL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-2295 |
| | § | |
| | § | |
| UNITED STATES FEDERAL | § | |
| HIGHWAY ADMINISTRATION, | § | |
| *et al.*, | § | |
| Defendants. | § | |

**ORDER**

Plaintiffs William Ware and Carol Caul have filed what they style as "Remaining Claims, Remaining Evidentiary Issues, Motion for Leave to Supplement Record with Additional Affidavits, and Renewed Request for Hearing," (Docket Entry No. 78), a motion to correct that filing, (Docket Entry No. 79), and a motion to supplement the record-out-of time, (Docket Entry No. 80). The defendants have requested entry of final judgment. (Docket Entry No. 81).

Plaintiffs' motion for leave to correct the previous filing is granted. Plaintiffs' substantive motions ask this court to reconsider its previously-issued Memoranda and Orders or Opinions, and is properly analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. A motion filed under Rule 59(e) of the Federal Rules of Civil Procedure should be granted only if the moving party establishes: (1) an intervening change in controlling law; (2) discovery of new evidence previously unavailable; or (3)  to correct a clear error of law

or prevent manifest injustice.  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  The plaintiffs have met none of these requirements.

The plaintiffs inquire about the status of their claim under 23 U.S.C. § 109(i).  This court dismissed these claims in the Memorandum and Order issued on September 30, 2005. (*See* Docket Entry No. 64 at 7–8).  Any remaining elements of this claim were subsumed into the NEPA analysis in this court's more recent Memorandum and Opinion.  (Docket Entry No. 77).  The plaintiffs have failed to show that the FHWA's actions were arbitrary and capricious, for the reasons explained in detail in this court's previous rulings.[1]

Plaintiffs contend that this court may have overlooked evidence, particularly the evidence that plaintiffs submitted with their motion for a preliminary injunction, in granting the defendants' summary judgment motion.  This court carefully considered the relevant and admissible evidence.  As this court pointed out in its most recent Memorandum and Opinion, the plaintiffs failed to show that analysis and fact finding outside the administrative record is appropriate in this case.  (*See, e.g.*, Docket Entry No. 77 at 39–43).  This court considered the evidence plaintiffs contend was overlooked.

Plaintiffs again challenge this court's application of *Chevron* to the defendants' actions.  This court addressed these and similar arguments in the Memorandum and Opinion issued on March 15, 2006.  (*See* Docket Entry No. 77 at 9–11).  The new case law cited by the plaintiffs does not affect this court's previous analysis.  As the plaintiffs concede, there

---

[1] Accordingly, this court denied the motion for a preliminary injunction.

is no binding Fifth Circuit law altering the standard of review in NEPA Categorical Exclusion reviews.  (Docket Entry No. 79 at 8).  No additional arguments raised by the plaintiffs meet the Rule 59(e) standards.

The plaintiffs have failed to meet any of the Rule 59 criteria for reconsideration of this court's previous decisions.  Plaintiffs have not shown any reason justifying additional supplementation of the record or demonstrated why they were unable to include this evidence in their earlier pleadings and submissions.  The motion for leave to supplement the record is denied.  Treating plaintiffs' substantive motion as a motion to reconsider, that motion is also denied.  This court agrees with the defendants that no issues remain.  Final judgment dismissing this case will be entered by separate order.

SIGNED on May 30, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge